■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BLEASE MONTGOMERY, Appellant, v WILLIAM M. LOMBARD, as Monroe County Sheriff, Respondent.—Judgment unanimously affirmed. Memorandum: This appeal is from a judgment which dismissed relator's petition for a writ of habeas corpus by which he sought release from respondent Lombard, Monroe County Sheriff. He claims that there is insufficient probable cause at a preliminary parole revocation hearing to warrant holding him pending his parole revocation hearing. A parolee may be retaken if he "has violated the conditions of his parole in an important respect" (Correction Law, § 216). The parole commissioner at the preliminary hearing required under *Morrissey v Brewer* (408 US 471) found that relator had violated special rule 5 of the conditions of his release by failing to abstain from the use of alcoholic beverages. Concededly, this conclusion was based on relator's own admission. A full fact-finding hearing was thereafter held in Monroe County Court based upon relator's habeas corpus application, following which the finding of sufficient probable cause concerning the failure to abstain from alcohol was upheld. The initial hearing set forth in *Morrisey v Brewer (supra)* envisions a two-tiered hearing structure the first of which occurs when the parolee is arrested. This inquiry is in the nature of a "preliminary hearing" to determine whether there is reasonable ground to believe that the parolee has violated his parole conditions *(supra,* p 485). It is this first hearing stage, not the final revocation hearing, that we are dealing with in the instant case. Relator, an admitted alcoholic, had been previously convicted of assault in the second degree in Monroe County Court on March 2, 1970 and received a seven-year indeterminate sentence. He was paroled on December 4, 1973, violated parole eight days later, on December 12, and was arrested December 14, 1973. We see no reason to disturb the finding made by the

parole hearing officer and County Court, after a hearing, that probable cause exists to believe that relator has violated a condition of his parole in an important respect. (Appeal from judgment of Monroe County Court—habeas corpus.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.